IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY EDWARD BARANOWSKI, JR., § | | |
| TDCJ-CID NO. 1397723, § | | |
|     Petitioner, § | | |
| v. § | | CIVIL ACTION NO. H-09-1079 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
|     Respondent. § | | |

OPINION ON DISMISSAL

While confined in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), petitioner Johnny Edward Baranowski filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging disciplinary case number 20090000395. (Docket Entry No.1). Respondent moved for summary judgment on the ground that petitioner failed to exhaust his administrative remedies (Docket Entry No.9), to which petitioner filed a response. (Docket Entry No.12). TDCJ-CID records, however, reflect that petitioner is no longer in state custody; he was discharged from TDCJ-CID on September 30, 2009, upon the expiration of his sentence.[1]

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.*; *Carafas v. Lavalle*, 391 U.S. 234 (1968). Thus, where the petition challenges the validity of the petitioner's underlying criminal conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to

---
[1] Information obtained telephonically from TDCJ-CID.

1

vote, engage in certain businesses, serve as juror, or hold public office. *Carafas*, 391 U.S. at 237. While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna*, 523 U.S. 1, 7-8, (1998); *Lane*, 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). Accordingly, *Spencer* dictates a cautious approach to the presumption of collateral consequences, requiring the petitioner to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer*, 523 U.S. at 12-14)).

In this case, petitioner does not challenge the validity of his underlying criminal conviction or sentence, only the execution of his sentence. Specifically, petitioner challenges prison officials' disciplinary action with the resultant loss of good conduct time and other sanctions. Thus, petitioner must show that the disciplinary action itself will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. Petitioner has made no demonstration whatsoever that he will suffer any collateral consequences from the subject disciplinary proceeding and sanctions. He is no longer subject to the disciplinary sanctions, and is not suffering any current consequence of the disciplinary proceeding. And, even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. *Spencer*, 523 U.S. at 1. *See also Bailey v. Southerland*, 821 F.2d 277 (5th Cir. 1987) (holding habeas petition challenging prison discipline for insolence and failure to obey moot after petitioner's release). Dismissal of this petition is therefore appropriate as moot based upon the expiration of petitioner's incarcerative sentence and his release from custody.

Accordingly, this action is DISMISSED as moot. All pending motions are DENIED.

SIGNED at Houston, Texas, this 7th day of December, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE